UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERTO VARGAS,

                                  Plaintiff,

                            -against-

Police Officer DAVID MEDRANO, Shield No. 5800; Detective ROBERT HAWRELUK, Shield No. 3934; Sergeant EUGENE MCHUGH, Shield No. 4683; Lieutenant CHRISTOPHER SCHMIDT; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 1202 (KPF)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Roberto Vargas ("plaintiff" or "Mr. Vargas") is a resident of New York County in the State of New York.

7. Defendant Police Officer David Medrano, Shield No. 5800 ("Medrano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Medrano is sued in his individual and official capacities.

8. Defendant Detective Robert Hawreluk, Shield No. 3934 ("Hawreluk"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hawreluk is sued in his individual and official capacities.

9. Defendant Sergeant Eugene McHugh, Shield No. 4683 ("McHugh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McHugh is sued in his individual and official capacities.

10. Defendant Lieutenant Christopher Schmidt ("Schmidt"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Schmidt is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*August 10, 2014 Incident*

14. At approximately 9:50 p.m. on August 10, 2014, Mr. Vargas was lawfully inside his vehicle, which was legally parked in the vicinity of 605 West 207th Street in Manhattan.

15. The key was not in the ignition and engine was not running.

16. One of the defendant officers pulled alongside Mr. Vargas' vehicle and ordered him to turn on his vehicle and roll down the window.

17. When Mr. Vargas did so, the officer falsely arrested him for driving with a suspended license and other false charges.

18. At no time did the officers observe Mr. Vargas commit any crime and they lacked arguable probable cause to arrest.

19. Approximately two months earlier, Mr. Vargas had fractured his right wrist and he was wearing a hard cast.

20. Over his objection, defendant officers rear-handcuffed Mr. Vargas, causing him great pain and discomfort and to fear complications.

21. Plaintiff was eventually taken to a police precinct.

22. At the precinct defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff driving with a suspended license and in possession of a forged instrument.

23. At no point did the defendants observe Mr. Vargas commit any crime or offense.

24. While in custody, Mr. Vargas complained of pain to his elbow, forearm and wrist and was taken to Bellevue Hospital.

25. Mr. Vargas was eventually taken to Manhattan Central Booking.

26. Plaintiff was arraigned in New York County Criminal Court where he was released on his own recognizance.

27. All charges against Mr. Vargas were subsequently dismissed.

*September 11, 2014 Incident*

28. At approximately 3:00 p.m. on September 11, 2014, Mr. Vargas was a lawful passenger in a vehicle traveling in the vicinity of the Cross Bronx Expressway in the Bronx, New York.

29. Lacking reasonable suspicion to do so, defendant officers puller over Mr. Vargas' vehicle.

30. Defendant officers unlawfully searched Mr. Vargas and the vehicle, including in sealed compartments of the vehicle.

31. In one compartment of the vehicles, the officers allegedly found marijuana and a prescription.

32. At the scene, the driver of the vehicle truthfully explained that Mr. Vargas knew nothing of the contraband.

33. Even though there was no evidence that Mr. Vargas had dominion or control over the compartment in question and they lacked arguable probable cause, defendant officers falsely arrested Mr. Vargas.

34. Mr. Vargas was taken to a police precinct, where he was strip-searched.

35. Meanwhile, defendants prepared false paperwork stating that they had observed plaintiff in possession of marijuana and a forged prescription. The officers forwarded this false information to prosecutors in the New York County District Attorney's Office.

36. At no point did the defendants observe plaintiff commit any crime or offense.

37. Mr. Vargas was eventually taken to Manhattan Central Booking.

38. After spending approximately 24 hours in custody, Mr. Vargas was arraigned and released on his own recognizance.

39. All charges were subsequently dismissed.

40. Mr. Vargas suffered damage as a result of defendants' actions on August 10, 2014 and September 11, 2014. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, pain, bodily injury, an unlawful strip search and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search (both incidents)

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion and in an unreasonable manner.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest (both incidents)

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Unreasonable Force (August 10th incident)**

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Malicious Prosecution (both incidents)**

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

52. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

53. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial of Constitutional Right To Fair Trial (both incidents)

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The individual defendants created false evidence against plaintiff.

56. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

57. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs (August 10th incident)

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. At the time of plaintiff's arrest on August 10, 2014, the individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

61. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

62. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene (both incidents)

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

65. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

66. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   August 7, 2015
            New York, New York

                                        HARVIS & FETT LLP

                                        _____
                                        Gabriel Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@hwf.nyc

                                        *Attorneys for plaintiff*